Clerk's Copy

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

FILED AT ALBUQUERQUE NM

JAN 27 1999

ROBERT M. MARCH
CLERK

ALPHONSO DWANE FRAZIER, SR.,

    Plaintiff,

v.                                                              No. CIV-98-0342 LH/JHG

VETERAN'S ADMINISTRATION
MEDICAL CENTER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6), to review Plaintiff's civil rights complaint filed under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, the complaint will be dismissed for failure to state a claim upon which relief can be granted.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under 28 U.S.C. § 1915(e)(2) "at any time if the action ... is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518,

1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff's father, who was a patient at the Veteran's Administration Medical Center (VAMC) in Albuquerque, New Mexico, died as a result of negligence by VAMC health care providers. Specifically, unnamed personnel failed to adequately monitor the connection of a certain life-support device. The connection failed, allegedly causing Plaintiff's father's death. Plaintiff asserts his claims as a wrongful death action for violations of the Due Process and Equal Protection clauses. Attached to the complaint are the father's will and the state medical investigator's report of findings regarding the father's death. Plaintiff seeks damages to be distributed among the father's beneficiaries.

Plaintiff's allegations of Defendants' negligence do not support a claim under § 1983. Although the statute itself contains no standards by which to measure Defendants' conduct, *Parratt v. Taylor*, 451 U.S. 527, 534 (1981), the Supreme Court has ruled that negligence is not actionable under § 1983. *County of Sacramento v. Lewis*, --- U.S. ---, ---, 118 S.Ct. 1708, 1718 (1998); *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *see also Davidson v. Cannon*, 474 U.S. 344, 348 (1986) (rule applies to substantive as well as procedural due process); *Trujillo v. Bd. Of County Comm'rs*, 768 F.2d 1186, 1190 (10th Cir. 1985). Plaintiff's complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's civil rights complaint is DISMISSED; and an order of dismissal shall be entered in accordance with this opinion.

_____
UNITED STATES DISTRICT JUDGE